```
UNITED STATES DISTRICT COURT
  DISTRICT OF SOUTH CAROLINA
```

| | | |
|---|---|---|
| Stephen John Guidetti,<br>*Stephen-John; son of God,* | ) | C/A No. 9:12-1264-HMH-JDA |
| | ) | |
| Plaintiff, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| vs. | ) | |
| | ) | |
| IRS Department of the Treasury, Internal Revenue Service; Department of the Treasury, Financial Management Service; Anne Jacobosky, Assistant Regional Commissioner, Processing Center Operations; Marilyn Ray Smith, Deputy Commissioner, Massachusetts Dept. of Revenue, | ) | |
| | ) | |
| Defendants. | ) | |

Stephen John Guidetti ("Plaintiff"), proceeding *pro se*, filed this civil action against the defendants and entitled it a "criminal complaint." Compl. 1. It appears that he seeks to initiate a federal criminal investigation and prosecution of the defendants for various alleged crimes. Compl. 4–5. Further, he alleges the defendants illegally have withheld monies from his social security check, and he seeks a return of his property and interest taken from his social security account. Compl. 7. Plaintiff filed the Complaint using a Bluffton, South Carolina address.

By Order dated May 29, 2012, Plaintiff was given an opportunity to provide the necessary information and paperwork to bring the case into proper form for evaluation and possible service of process. Order, ECF No. 7. This Court warned Plaintiff that failure to provide the necessary information within the timetable set in the Order may subject the case to dismissal for failure to prosecute and failure to comply with an order of the court

under Rule 41 of the Federal Rules of Civil Procedure. *Id.* The Order also directed Plaintiff to keep the Clerk of Court advised in writing if his address changes for any reason. *Id.* The deputy clerk mailed the May 29, 2012, Order to Plaintiff at his Bluffton, South Carolina address. In addition, the deputy clerk mailed a letter to Plaintiff dated May 29, 2012, to inform Plaintiff that the Clerk's Office had noticed that in his other pending civil action, C/A No. 6:11-1249-HMH-JDA, he is using a Fountain Inn, South Carolina address, instead of a Bluffton, South Carolina address. ECF No. 9. Further, the deputy clerk's letter directed Plaintiff to notify the court immediately in writing which address should be used, and the deputy clerk mailed the letter to Plaintiff at both addresses used by him. *Id.* Neither the May 29, 2012, Order nor the May 29, 2012, letter has been returned as undeliverable mail. Plaintiff did not respond to this Court's Order and the time for response has lapsed. Also, Plaintiff did not respond to the letter from the deputy clerk. Thus, Plaintiff has failed to prosecute this case and has failed to comply with an order of this Court. Rule 41(b) permits dismissal of an action based on a plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962). It is recommended that this case should be dismissed *without prejudice* pursuant to Rule 41 of the Federal Rules of Civil Procedure. Plaintiff's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin  
United States Magistrate Judge

June 26, 2012  
Greenville, South Carolina

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).